## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARMAINE R.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 7955 |
| v. | ) | |
| | ) | Magistrate Judge |
| ANDREW SAUL, Commissioner of | ) | Maria Valdez |
| Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Charmaine R.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is denied, and the Commissioner's motion for summary judgment [Doc. No. 23] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI, alleging disability since July 1, 2015 due to asthma and back pain. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 10, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On November 16, 2017, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 1, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: COPD/asthma, sarcoidosis, cervical degenerative joint disease, osteoarthritis, hypertension, obesity, and depression. The ALJ concluded at step three that her

2

impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: no climbing of ladders, ropes, or scaffolds; occasional stair climbing, stooping, kneeling, crouching, and crawling; no concentrated exposure to environmental irritants. He further concluded that Plaintiff can understand, remember, and carry out simple work instructions and execute simple workplace judgments; and she can perform routine work that involves no more than occasional decision making or occasional changes in the work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a warehouse worker and fast-food cashier. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) ("[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) there was no supported rationale for the RFC finding; (2) the mental RFC determination was not supported by substantial evidence; and (3) he improperly weighed the opinion of Plaintiff's treating physician.

### A.   <u>Treating Physician's Opinion</u>

Plaintiff contends that the ALJ failed to properly evaluate the opinion of her treating pulmonologist Dr. Illiescu under the relevant regulations. In a pulmonary RFC questionnaire dated June 2016, Dr. Illiescu opined that Plaintiff could only sit for thirty minutes and stand for ten minutes at a time; she would need to take unscheduled breaks hourly for an unspecified length of time; she could never lift or carry even ten pounds, nor could she ever stoop, crouch, climb ladders or stairs; she

would need to avoid all exposure to environmental irritants; and she could be expected to miss work more than four days per month. According to the hearing testimony of the vocational expert ("VE"), a hypothetical person with Plaintiff's age, qualifications, education, and RFC would be unable to work if she could not lift or carry at all, if she needed hourly unscheduled breaks, or if she would be absent more than four days per month. The ALJ gave this opinion little weight, concluding that its extreme limitations were inconsistent with the overall record, Plaintiff's own statements that she could sit for an hour and stand for thirty to forty minutes, her reported desire to return to work in September 2015, the fact that her breathing impairments were assessed as mild to moderate, and the lack of a record of hospitalizations for her pulmonary issues.

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record.[3] 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining

---

[3] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2015, and therefore the ALJ was required to apply the former treating physician rule.

physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician."). The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

Plaintiff complains that it is unclear whether the ALJ considered the regulatory factors; the reasons he gave for discounting the opinion were not valid; and he should have considered each one of Dr. Illiescu's opinions contained within the questionnaire separately. According to Plaintiff, Dr. Illiescu's opinions should have been given greater weight based on the length and frequency of the treating relationship and his pulmonology specialty.

The Court agrees with Defendant that the ALJ sufficiently considered the regulatory factors in discounting the treater's opinion that Plaintiff suffered severely limiting impairments. Contrary to Plaintiff's assertion, the ALJ did identify inconsistent evidence, and Plaintiff does not dispute the accuracy of that evidence. The ALJ could not have challenged the underlying bases for the pulmonologist's conclusions that Plaintiff had severe limitations in sitting, standing, or lifting, and that she needed frequent unscheduled breaks and would

need to be absent multiple days per month because the doctor provided none. The ALJ's decision to discount the opinion is thus supported by adequate evidence.

### B. No evidence supported RFC finding

#### 1. *No medical opinion*

Plaintiff next contends that the ALJ's RFC finding lacked evidentiary support. In limiting Plaintiff to sedentary work, the ALJ gave some weight to the opinion of the non-examining state consultant's opinion that she could perform light work, and as discussed above, little weight to her treating physician's opinion that she could not perform work even at the sedentary level. Plaintiff contends that there is an evidentiary deficit because the ALJ rejected all the medical opinion evidence relating to her RFC.

However, unlike the cases cited by Plaintiff, the ALJ did not reject all medical opinions in the record. *Cf. Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (unpublished decision) (concluding that the ALJ's rejection of the only recent functional assessment of the claimant's abilities left an evidentiary deficit). To the contrary, he gave the state agency consultant's opinion some weight, and in an effort to evaluate Plaintiff's claims in the most favorable light, he further restricted her to sedentary instead of light work and included additional non-exertional limitations. *See McReynolds v. Berryhill*, 341 F. Supp. 3d 869, 881 (N.D. Ill. 2018) (finding "no evidentiary deficit" where the ALJ partially relies on agency consultants' opinions but incorporates additional limitations to account for a

claimant's subjective symptoms). The ALJ thus did not impermissibly rely on his own opinion, but built a logical bridge from the evidence to his conclusion.

### 2. *Failed to account for combination of impairments*

Plaintiff believes that the ALJ should have addressed her morbid obesity and its effect on her ability to sit for long periods, as well as the combined effect of obesity and her other impairments of spine disorder, sleep apnea, and COPD, as well the distracting effects of pain and fatigue. The Government responds that Plaintiff has failed to point to any particular impairment that the ALJ failed to consider, nor has she shown that her obesity or another combination of impairments cause any functional limitations that are not accounted for in the RFC determination.

First, the ALJ expressly stated that he considered the combination of impairments, including obesity, in his evaluation and concluded that there was no evidence that obesity caused any additional limitations. Second, the Court agrees with Defendant that Plaintiff has not described how her RFC is less than a sedentary level, nor has she offered record evidence that her obesity makes her unable to sit for long periods of time. *See Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015) ("An ALJ's failure to explicitly consider an applicant's obesity is harmless if the applicant did not explain how her obesity hampers her ability to work.") (citation and internal quotation omitted). The hypothetical possibility that certain impairments could lead to certain functional limitations, such as the inability to sit or tiredness during the day, is insufficient to disturb the ALJ's conclusions, where

evidence of those functional limitations was not offered to the Commissioner or on appeal before this Court.

**C.** **Mental RFC Finding Not Supported**

Plaintiff maintains that the ALJ's mental RFC limitations are not supported in several respects. First, in response to the ALJ's questioning during the hearing, the VE testified that if a hypothetical person with Plaintiff's background and RFC also had symptoms severe enough to interfere with her concentration for ten minutes of every hour, there would be no jobs for such a person. Plaintiff argues that the ALJ failed to consider whether she was limited by off-task allowances and if so, for how long, and he discarded the concentration issues he raised with the VE without explanation.

Plaintiff's argument appears to put the burden on the ALJ to establish whether she would be off task, and if so, for how long, which is improper, because the burden of proving she is disabled always rests with Plaintiff. *See Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) (explaining that the claimant "bears the burden of proving that she is disabled" and must present medical evidence linking her medical impairment to a functional limitation). Her brief focuses on the hypothetical questions posed to the VE about concentration limitations rather than record evidence establishing that she in fact suffers from such limitations and that those limitations are not accommodated by the RFC finding. Even her treating pulmonologist's opinion, discussed above, does not state that Plaintiff would be off task for ten minutes of every hour; it stated only that she would be expected to need

11

unscheduled breaks every hour, but the duration "depends." (R. 706.) Accordingly, it was not error for the ALJ not to consider the VE's responses to hypothetical questions directed at the issue of time off task when forming his RFC.

Next, Plaintiff complains that the ALJ independently evaluated her mental impairments rather than relying medical opinions from a state agency consultant or psychological consultative examiner, arguing that he should have required a post-hearing psychological consultative examination or heard testimony from a medical expert. But here again, Plaintiff improperly seeks to shift the burden of gathering proof of her impairment to the Commissioner. She faults the ALJ for not relying on medical evidence when forming his mental RFC, but she failed to meet her burden of producing mental health records demonstrating disabling symptoms in the first place. *See Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability.").

Furthermore, Plaintiff does not list specific limitations that the ALJ's RFC finding fails to account for. He concluded she had a moderate limitation in understanding, remembering, or applying information; a mild limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing herself. The ALJ's conclusion regarding concentration, persistence, and pace was based on Plaintiff's ability to maintain daily tasks, including personal hygiene and chores, as well as to drive and take public transportation; and that her treating physician's

records do not suggest she has any deficits in maintaining pace. She does not challenge these conclusions, which are adequately supported in the record, nor does she contend the limitations are not accounted for in the mental RFC.

### D. <u>Symptom Evaluation</u>

Finally, Plaintiff argues that the ALJ erred in evaluating her subjective symptoms according to SSR 16-3P, which describes a two-step process for evaluating an individual's symptoms.[4] *See* Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017). ALJs are directed first to determine whether the claimant has an impairment that could be expected to produce the alleged symptoms, then to evaluate the intensity and persistence of those symptoms, as well as the extent to which the symptoms limit the individual's work-related activities. 2017 WL 5180304, at *3-4. The ruling goes on to guide adjudicators in their evaluation of particular types of evidence, including medical evidence, subjective statements of the claimant, and evidence from non-medical sources. Plaintiff complains that the ALJ failed to comply with SSR 16-3P's guidelines by using the wrong legal standard in evaluating her allegations and improperly evaluating her symptoms in light of the record.

The ALJ stated: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to

---

[4] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. ' 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999). The SSA has clarified that SSR 16-3P applies prospectively to decisions made on or after March 28, 2016. *See* SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017). The ALJ's decision in this case was issued on November 16, 2017.

cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 145.) This boilerplate language is a historical artifact that was often included in ALJ decisions predating SSR 16-3P. The template was harshly criticized, *see Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012), but its presence was not fatal to a decision as long as the ALJ went beyond the boilerplate and enumerated sufficient reasons for finding claims to be incredible.

The ALJ listed several reasons for discounting Plaintiff's assertion that she cannot work even at the sedentary level. Plaintiff's self-reported ability to walk half a block and stand for thirty to forty minutes was held consistent with the physical requirements of sedentary work, and Plaintiff also stated that in a recent move, she intentionally chose a third-floor apartment to get some exercise. The ALJ further concluded that the record did not support Plaintiff's claim that she could only sit for an hour due to back pain, because despite reported tenderness, clinical findings were generally normal, and she was prescribed acetaminophen for the pain. Her asthma and breathing issues were generally assessed as mild to moderate, never requiring hospitalization; and although Plaintiff had been treated for depression, her psychiatric examination findings were normal, and she reported that Zoloft controlled her symptoms.

In evaluating allegations of pain, SSR 16-3P directs ALJs to consider whether the symptoms are consistent with the objective medical evidence as well as other evidence in the record. 2017 WL 5180304, at *2; *see also* 20 C.F.R. § 404.1529(a) (explaining that the agency considers both "objective medical evidence and other evidence" in evaluating whether an impairment affects activities of daily living and the ability to work). Medical test results that are not consistent with symptoms are merely one factor to be considered, and an ALJ is not free to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." 2017 WL 5180304, at *5.

Plaintiff correctly notes that perfect consistency is not required, and allegations of pain cannot be disregarded solely due to the lack of objective evidence. *See Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005). But conversely, an ALJ is not required to accept all of a claimant's subjective allegations. Plaintiff complains that hospitalization is not a requirement for a disability finding, but the ALJ properly considered the lack of inpatient care as evidence that her symptoms were not acute. Furthermore, she counters only with proof that she was regularly treated for her breathing issues and does not explain why sedentary employment with no exposure to environmental irritants would not accommodate her back pain and respiratory impairments. Similarly, with respect to her depression, she rightly observes that a positive response to treatment is not by itself inconsistent with

allegations of disabling symptoms. *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). But Plaintiff has not offered any record proof that the ALJ's evaluation of her mental impairments was not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is denied, and the Commissioner's motion for summary judgment [Doc. No. 23] is granted.

**SO ORDERED.**                                    **ENTERED:**

**DATE:** ____**January 11, 2021**____          _____

                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**